IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS DAVIS, BZ-9982,         )
    Petitioner,            )
                           )
    v.                     )   2:10-cv-538
                           )
WARDEN, et al.,                )
    Respondents.           )

Report and Recommendation:

I. Recommendation:

It is respectfully recommended that the petition of Thomas Davis for a writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 as a successive petition.

II. Report:

Thomas Davis, an inmate at the State Correctional Institution at Mercer has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

In his petition, Davis seeks to challenge a series of convictions in the Court of Common Pleas of Allegheny County, Pennsylvania docketed at Nos. CC 198904099, CC198904606 and CC 199100184. On January 14, 1992, he was sentenced to a fourteen to twenty-eight years incarceration.[1]

---

[1] See: Western District of Pennsylvania Docket 2:09-cv-1452.

1

The instant petition was received on April 28, 2010.  However, this is not the first federal challenge that the petitioner has directed at these convictions.  Davis filed several other habeas actions in this Court: CA 97-629 was denied and a certificate of appealability denied by the Court of Appeals; 00-cv-884 was transferred to the Court of Appeals as a successive petition and the later Court dismissed the proceedings; 08-cv-441 was dismissed and a certificate of appealability was denied by the Court of Appeals and 08-cv-1724 was dismissed and no appeal pursued. More interesting is that on October 21, 2009, Davis filed a § 2241 petition in the Court of Appeal (No. 09-4064) and that Court transferred the matter to this Court which was filed at 09-cv-1452 and dismissed as improperly filed as a § 2241 petition and as barred as a successive § 2254 petition. No appeal was pursued.  Davis once again returns to this Court raising the same issues which he previously raised.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws.  As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing.  The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals, it is recommended that the petition of Thomas Davis for a writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631.

Within fourteen (14) days after being served, any party may serve and file written objections to the Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
United States Magistrate Judge

Entered: May 27, 2010